## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 24-cr-40016-MRG** |
| **BRUCE W. SPINNEY, III** | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT THE DEFENDANT SHOULD BE ACQUITTED BECAUSE A THIRD PARTY REPAID THEM

The United States respectfully moves this Court to preclude the defendant from arguing that he should be acquitted because the investors in this case were eventually made whole by a third party. The argument is irrelevant and misleading under Fed.R.Evid. 401 and 403 because the issue of restitution is collateral to the charges in the indictment and the government's burden of proof.

As the U.S. Supreme Court recently made clear, the wire fraud statute does not require economic loss. See Kousisis v. United States, 605 U.S. 114, 123 (2025) (fraudulently inducing a victim to obtain money or property comports with the wire fraud statute "regardless of whether he seeks to leave the victim economically worse off"). Thus, while some of the investors were ultimately made whole by the Cannabis Company that bought out SPINNEY's company, the point is irrelevant. Id. At 124 ("In short, the wire fraud statute is agnostic about economic loss . . a defendant violates § 1343 by scheming to "obtain" the victim's "money or property," regardless of whether he seeks to leave the victim economically worse off); see also United States v. Males, 459 F.3d 154, 158–59 (2d Cir. 2006) ("The requirement under § 1343 that the defendant devise a scheme or artifice for obtaining money or property is satisfied where a defendant fraudulently obtains the use of another person's money or property for a period of time, using it for his own personal profit, and depriving the owner of the ability to do so").

The point here is by telling the investors that he would use their money for his marijuana

business and instead using it for something else, the defendant deprived the investors of the use of that money for a substantial period.  To suggest that there was "no harm, no foul" because the victims eventually got their money back is besides the point and misleading.  It is misleading because it suggests a civil damages concept in a criminal case.  See e.g., United States v. LaRouche, 896 F.2d 815, 827 (4th Cir. 1990) (probative value of evidence that collateral to the fraud scheme was "substantially outweighed by the distraction it would cause").  Trial judges have discretion under Rule 403 to exclude evidence if it would distract from the main issues of the case.  See United States v. Centeno-González, 989 F.3d 36, 53 (1st Cir. 2021).

Thus, while the government does anticipate that the evidence of the investors being repaid will be admissible (to avoid the incorrect impression that they were not), the defendant should be able to make too much use of this point to argue something that is more akin to jury nullification.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ Neil Gallagher
Neil J. Gallagher, Jr.
Assistant U.S. Attorney

Date Submitted:  November 12, 2025

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_/s/ Neil J. Gallagher, Jr._
Neil J. Gallagher, Jr.